REICH REICH & REICH, P.C.
Attorneys for Debtor
235 Main Street, 4th Floor
White Plains, New York 10601
(914) 949-2126
By: Jeffrey A. Reich (JR-7535)

PRESENTMENT DATE:
March 16, 2010
at 12:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
In re:

    ARIQ RABADI,

              Debtor.

Chapter 11
Case No.
10-22295

-----------------------------------------X

### APPLICATION FOR ORDER FIXING THE LAST DATE FOR THE FILING OF PROOFS OF CLAIM

TO:   THE HONORABLE ROBERT D. DRAIN
      UNITED STATES BANKRUPTCY JUDGE:

The Application of Ariq Rabadi ("Debtor"), by and through his attorneys, Reich Reich & Reich, P.C., for an order fixing the last date for the filing of proofs of claim, respectfully set forth and alleges:

1. On February 18, 2010 ("Filing Date") the Debtor filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Code, the Debtor is continuing the operation and management of his property as debtor-in-possession.

2. The Debtor submits this Application seeking the entry of an order fixing the last date for the filing of proofs of claim.

3. By virtue of Bankruptcy Rule 3003(c) the Court is authorized to fix the time within which proofs of claim may be filed in a Chapter 11 case as it deems appropriate.

4.  In order to properly proceed with his Chapter 11 case it is necessary for the Debtor to ascertain the number, amount and type of claims which may be asserted against him.  In order to make this determination the Debtor seeks an order fixing a last date for the filing of proofs of claim.

5.  Section 1111(a) of the Code, as supplemented by Bankruptcy Rule 3003, as relevant here, requires that proofs of claim be filed by persons or entities whose claims are listed on a debtor's schedules as contingent or unliquidated, whose claims do not appear on the schedules or whose claims are disputed by a debtor as to type or amount.  Any such claimant who fails to file a proof of claim shall not, with respect to such claim, be treated as a creditor for the purposes of voting and distribution.  Bankruptcy Rule 3003(b) further provides that no filing is necessary by claimants whose claims appear on the schedules, are not disputed by the debtor and are not listed as contingent or unliquidated.  The Debtor submits that the creditors who have filed their proofs of claim prior to the entry of the Court's order fixing a bar date need not file again.

6.  The Debtor submits that it requires approximately one (1) week from the entry of the order sought herein to serve the notice, and that such notice of bar date be set for approximately sixty (60) days thereafter so as to provide creditors fair and sufficient notice thereof.

7.  The proposed Notice of Last Day to File Proof of Claim that will be served on each creditor along with the proposed order fixing the bar dates is annexed hereto as Exhibit A.

8. No previous application for the relief herein requested has been made to this or any other Court.

9. There being no novel issues of law raised by this Application it is respectfully requested that the filing of a separate memorandum of law be waived.

WHEREFORE, the Debtor respectfully requests that the Court enter an order fixing the last date for the filing of proofs of claim in the form annexed hereto and such other and further relief as is just and proper.

Dated: White Plains, New York
March 8, 2010

          REICH REICH & REICH, P.C.
          Attorneys for Debtor

By: _____
    Jeffrey A. Reich (JR-7535)
    235 Main Street, 4th Floor
    White Plains, NY 10601
    (914) 949-2126